GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
RAYMOND K. WOO
Arizona State Bar No. 023050
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
raymond.woo@usdoj.gov
Attorneys for Plaintiff





SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Luke Charles Galinis,<br><br>  Defendant. | No.   CR-21-00428-PHX-MTL (MTM)<br><br>**INDICTMENT**<br><br>VIO:   18 U.S.C. § 1343<br>    (Wire Fraud)<br>    Counts 1-16<br><br>    18 U.S.C. § 1957(a)<br>    (Transactional Money Laundering)<br>    Counts 17-19<br><br>    18 U.S.C. §§ 981 & 982,<br>    21 U.S.C. §§ 853 & 881, and<br>    28 U.S.C. § 2461(c)<br>    (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

1. G.P. is a Mesa based company that provides payroll processing and benefits administration to companies.

2. Defendant LUKE CHARLES GALINIS ("GALINIS") was an Arizona resident who worked as a tax manager for G.P. in Mesa, Arizona. GALINIS now resides in DeLand, Florida.

3. Phoenix PEO, LLC is an entity created by GALINIS and incorporated with the Arizona Corporation Commission on May 3, 2012. GALINIS opened a business

checking account (account ending in 9239) on June 24, 2019, in the name of Phoenix PEO, LLC. GALINIS used G.P.'s business address on the account application form. GALINIS also opened a business checking account (account ending in 6065) on March 24, 2020, in the name of Phoenix PEO, LLC and Luke C. Galinis.

**COUNTS ONE THROUGH SIXTEEN**
**WIRE FRAUD**
**(18 U.S.C. § 1343)**

4. The factual allegations above are re-alleged and incorporated as if fully set forth here.

5. Beginning as early as September 10, 2019, and continuing to at least May 4, 2020, in the District of Arizona and elsewhere, GALINIS devised and intended to devise a scheme to defraud G.P. and some of its customers, and to obtain money and property through means of materially false and fraudulent pretenses, representations, promises, and material omissions.

SCHEME TO DEFRAUD
AND
MANNER AND MEANS

6. As the tax manager, GALINIS had access to G.P.'s payroll processing system. This system was web-based and used to collect, track, and pay the state and federal taxes for G.P.'s clients.

7. As part of the scheme to defraud, GALINIS used false and fraudulent pretenses and presentations to input Automated Clearing House On-Demand (ACHOD) requests in G.P.'s payroll processing system.

8. G.P.'s fraudulent ACHOD requests generated electronic text files known as National Automated Clearing House Association (NACHA) files. These NACHA files contain coded instructions for domestic monetary transactions. Once the file was created, GALINIS transmitted the fraudulent NACHA files from Arizona to a third-party company in Florida. The third-party company would then execute monetary transactions based on GALINIS's fraudulent NACHA file. These transactions would typically involve

transferring money from a G.P. account to GALINIS' accounts ending in 9239 and 6065.

9. GALINIS also manipulated data in certain NACHA files to change payee information and monetary transfer amount. These manipulations would lead to tax overpayments to certain state Department of Revenues. GALINIS would then redirect, or cause the deposit of, the tax overpayments into his account ending in 9239.

10. To conceal his fraud, GALINIS deleted information and made materially false and fraudulent entries into G.P.'s payroll processing system and other internal documentation.

11. GALINIS embezzled over $800,000 from G.P. which he used to purchase vehicles, property, and a Florida home.

12. On or about each of the dates listed below, in the District of Arizona and elsewhere, and for the purpose of executing and attempting to execute the scheme to defraud described above, GALINIS caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count:

| Count | On or About Date | Description of Transmission |
|---|---|---|
| 1 | 1/9/2020 | GALINIS transmitted a NACHA file causing a transfer of $9,981.20 from G.P.'s US Bank account ending in 3599 to Phoenix PEO LLC's account ending in 9239. |
| 2 | 2/13/2020 | GALINIS transmitted a NACHA file causing a transfer of $33,393.31 from G.P.'s US Bank account ending in 3599 to Phoenix PEO LLC's account ending in 9239. |
| 3 | 2/24/2020 | GALINIS transmitted a NACHA file causing a transfer of $67,302.68 from G.P.'s US Bank account ending in 3599 to Phoenix PEO LLC's account ending in 9239. |
| 4 | 2/25/2020 | GALINIS transmitted a NACHA file causing a transfer of $88,429.98 from G.P.'s US Bank account ending in 3599 to Phoenix PEO LLC's account ending in 9239. |
| 5 | 2/26/2020 | GALINIS transmitted a NACHA file causing a transfer of $81,047.45 from G.P.'s US Bank account ending in 3599 to Phoenix PEO LLC's account ending in 9239. |
| 6 | 2/26/2020 | GALINIS transmitted a NACHA file causing a transfer of |

| | | |
|---|---|---|
| | | $79,015.01 from G.P.'s US Bank account ending in 3599 to Phoenix PEO LLC's account ending in 9239. |
| 7 | 3/24/2020 | GALINIS transmitted a NACHA file causing a transfer of $78,925.11 from G.P.'s US Bank account ending in 3599 to Phoenix PEO LLC's account ending in 6065. |
| 8 | 5/1/2020 | GALINIS transmitted a NACHA file causing a transfer of $31,938.46 from G.P.'s US Bank account ending in 3599 to Phoenix PEO LLC's account ending in 6065. |
| 9 | 9/13/2019 | GALINIS transmitted a NACHA file to cause tax overpayments, totaling approximately $38,310.70, to the state of Illinois. |
| 10 | 12/5/2019 | GALINIS transmitted a NACHA file to cause tax overpayments, totaling $57,011.73, from G.P. to the state of Arizona. |
| 11 | 12/12/2019 | GALINIS transmitted a NACHA file to cause a tax overpayment of $13,346.89 from G.P. to the state of Arizona. |
| 12 | 12/20/2019 | GALINIS transmitted a NACHA file to cause a tax overpayment of $14,229.02 from G.P. to the state of Arizona. |
| 13 | 1/20/2020 | GALINIS transmitted a NACHA file to cause a tax overpayment of $90,605.50 from G.P. to the state of Minnesota. |
| 14 | 1/31/2020 | GALINIS transmitted a NACHA file to cause a tax overpayment of $94,408.48 from G.P. to the state of Georgia. |
| 15 | 1/31/2020 | GALINIS transmitted a NACHA file to cause a tax overpayment of $83,707.96 from G.P. to the state of Indiana. |
| 16 | 2/11/2020 | GALINIS transmitted a "Claim for Refund" form to the state of Indiana seeking a $83,707.96 refund. |

All in violation of 18 U.S.C. § 1343.

**COUNTS SEVENTEEN THROUGH NINETEEN**
**TRANSACTIONAL MONEY LAUNDERING**
**(18 U.S.C. § 1957(a))**

13.   The factual allegations above are re-alleged and incorporated as if fully set forth here.

14.   On or about the dates set forth below, in the District of Arizona and elsewhere, each such instance being a different count of this Indictment, GALINIS knowingly engaged in monetary transactions in criminally-derived property of a value greater than $10,000, which was derived from specified unlawful activity, namely a violation of 18 U.S.C. § 1343 (Wire Fraud).

| Count | On or about date | Description of transaction |
|---|---|---|
| 17 | 2/25/2020 | Wire transfer of $138,183.04 to Budget Mobile Home Sales, Inc. from Bank Account ending in 9239. |
| 18 | 2/28/2020 | Wire transfer of $386,857.55 to DHI Title of Florida from bank account ending in 9239. |
| 19 | 3/6/2020 | Wire transfer of $39,768.99 to Coggin Sales Tax from bank account ending in 9239. |

All in violation of 18 U.S.C. § 1957(a).

## FORFEITURE ALLEGATION
### (18 U.S.C. §§ 981 and 982, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c))

15. The factual allegations above are re-alleged and incorporated as if fully set forth here.

16. Pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in Counts One through Nineteen of this Indictment, GALINIS shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense. This includes, but is not limited to:

**2020 Hyundai Palisade, VIN: KM8R24HE2LU115166**

**2020 Hyundai Tucson, VIN: KM8J33AL5LU230972**

17. If any of the forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence,

    b. has been transferred or sold to, or deposited with, a third party,

    c. has been placed beyond the jurisdiction of the court,

    d. has been substantially diminished in value, or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 981 and 982, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

_s/_
FOREPERSON OF THE GRAND JURY
Date: June 8, 2021

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona


_s/_
RAYMOND K. WOO
Assistant U.S. Attorney